This case is about a man who voluntarily surrendered a firearm to NYPD officers. Officers wrote in their notebook that Johnson slagged them down and video obtained from a home nearby showed him approaching their vehicle and turning in a case that contained a firearm. Based on this evidence, Johnson sought to argue his innocent possession. Not only was this denied, but the court gave an anti-innocent possession defense by instructing the jury that well-meaning possession is not a defense of the charge. Today we'll speak about errors in the jury charges that undermine the Sienta requirements of 18 U.S.C. 922G, the insufficiency of the evidence, and innocent possession. First, Johnson preserved his objection to the well-meaning possession jury charge. That's at A146 and A155. Under Rule 30, this error was clearly preserved. Under de novo review, the jury charges are considered as a whole. They were wrong in the law not only because they omitted an entire element of the offense charging that the government must prove knowledge of status, but the court provided an unprecedented instruction that well-meaning possession is not a defense to this charge, and we haven't found a single case giving this charge or upholding this charge. Not only was the innocent possession defense charge that was litigated prior to the trial denied, but the charge that well-meaning possession is not a defense removed Sienta from the equation. It took away the juror's ability to acquit Mr. Johnson based on a lack of knowledge. The definition of knowledge traditionally excludes conduct that is done mistakenly, accidentally, or for other innocent reasons. Why would the juror consider— What is it you think he did—this is Judge Parker—what is it you think he didn't know? I think, yes, Your Honor, the jurors could have considered Mr. Johnson's behavior as mistaken or unknowingly done because he's doing something for innocent reasons. What was the mistake? Well, they could have decided he did not know the law or his status because they were not charged on that, so they certainly could have deliberated. Had they been instructed correctly, they would have acquitted based on lack of knowledge of status because there's no evidence in the record on that. And the innocent—the well-meaning possession charge contradicts the Raheith case that explains that 922G is not intended to apply to innocent mistakes. The language is overly broad, and it erroneously expands the reach of 922G, and this error was not harmless. I'm sympathetic with your argument, but I don't see how—help me understand how it contradicts the text of the statute. Yes, Your Honor, well, I think it's both. I believe knowingly—the definition of knowingly does include some consideration. The jurors can consider whether the behaviors were mistaken, accidental, or for other innocent reasons. That's the definition of knowingly. So it does—the text alone does allow for some inquiry by the jury and consideration. As to all of those things, I think it's a gray area. It's not a bright line, as the government argued and the charge entailed. The charge went beyond— So your argument—this is Judge Livingston—that the use of the well-meaning possession language sowed confusion in two different ways, one on the Rehaff issue, the whether—knowing status—and one on the sort of just broader issue of mistaken—you know, if you unknowingly, mistakenly possess a weapon that you don't realize you're possessing, that could be taken by the jury to be a form of well-meaning possession. That's correct, Your Honor, and it went beyond just not giving an innocent possession instruction. It undermines the actual element that the government is required to prove and thereby lessen the government's burden of proof, and it was confusing, and it was wrong on the law, and it wasn't harmless. The government cannot prove beyond a reasonable doubt that a rational jury would have found Johnson guilty absent these errors. And turning to the sufficiency of the evidence, this should be reviewed de novo, and there's no evidence in the record of Johnson's knowledge of status. And the court in Staple Veda, Judge Sullivan, explained in a similar situation where the defendant signed a stipulation stipulating to the fact of conviction— You said it in de novo review, again, Judge Livingston, but was this—help me understand whether this error was in fact preserved. I mean, I understand from the record he made a Rule 29 motion, but he didn't renew it at the close of all the evidence, and so wouldn't he receive plain error review in that circumstance? I think it's a bit more complicated, Your Honor. On June 1st, on ECF, the defendant filed a letter declining to file a Rule 29 motion post-trial and stated that the issue was preserved. So I think it's a little more gray in that defense counsel believed the issue was preserved by filing Rule 29 motions. So whether the court assesses it under de novo or plain error, I believe the conviction should be reversed. Under—and just quickly to the plain error point—under the fairness and integrity prong, I know the court in Miller recently decided—affirmed the conviction in Miller, but Miller didn't raise the question of how the lack of notice affected that defendant's case. Johnson was not on notice of the elements of the offense, and due process requires that the defendant receive notice of the crime so that he may pursue defenses based on the crime itself. He wasn't given notice of an entire element of the charge and couldn't pursue defenses based on possible mental state or any other subjective reasons. And I believe the fairness, integrity, and public reputation of the proceedings is harmed by this. And I believe that even the plain error analysis should go in Johnson's favor here. And turning to how innocent-minded defendants are dealt with under 922G, most of the innocent possession cases are prior to Rahafe, and Rahafe changes the landscape. Rahafe explains that the intent of Congress was not to subject innocent-minded defendants to the 922G harsh penalty scheme. It's lawful under the Second Amendment to possess firearms, and so it's necessary to ensure that 922G is not violated mistakenly by well-meaning defendants. This is especially true in New York City, where there's an official gun amnesty program. The risk of inadvertently violating 922G by innocent mistakes is high. Denying innocent possession for someone who complies with the state or city's program frustrates the state's own ability to regulate firearm traffic within its borders. That's bad. If we go to, if we proceed to the merits of the innocent possession defense, does your client really have a basis for it in this record? I mean, based on what we've said about it, I realize we haven't decided on it, but we clearly have said if it exists, it's limited to very narrow circumstances. And the evidence in the record is that he found, he said, he told the police, I found the gun in some bushes, someone had given it to him, but critically, that he had acquired it a day or two ago. That's what the police testified that he told them after, after their encounter. So wouldn't that defeat the innocent possession defense? Do we even need to reach the question? Two points, Your Honor. One, I think the Second Circuit's decision said it was so limited work before rehase, and I think there's room to expand it somewhat. And I'm sorry, what? No, I'm just agreeing with you for the moment. You think rehase changes what we've, undercuts what we've said in the past about innocent possession. Correct, Your Honor. And I believe the, the, well, the standard for the evidentiary burden that the defendant needs to show is low to raise an affirmative defense as the court in United States v. Johnson explained in the Ninth Circuit Johnson case that this court, this, this district court relied on. And so in Johnson and the Ninth Circuit, the court held that the defendant did meet the evidentiary burden and, and Mr. Johnson, in this case, only knowingly possessed the gun. Well, if we're talking about his own evidence that the district court decided on, it was pre-trial based on his affidavit. He only knowingly possessed the gun for a short period of time and immediately left his house to take it to the police precinct. Yeah, but can we, can we consider the affidavit in the posture? I mean, he didn't testify. So what the jury heard was that he acquired the weapon a day or two ago. Well, Your Honor, even on the last act, How should we consider his statements in the affidavit in determining whether an instruction should have been given in this case, assuming we thought that the defense is viable? Well, the question I was speaking to was whether the court erred in ruling there's no innocent possession defense and the defendant couldn't raise it, the court's decision pre-trial. With regard to the jury charge, I believe he would, he is entitled to it as well, based on the fact, just the fact alone that he approached a police car and said, I'm turning in a weapon. That is enough to show his well-meaning state of mind and for the jury to determine that issue. Uh, what, uh, what, what, what test, uh, uh, would you invite us to fashion? What would it be? Yes, Your Honor. We would ask the court to fashion a test along the lines of United States v. Mason, that the firearm was obtained innocently and held with no illicit purpose and possession was presented, there is a good basis to find the defendant took adequate measures to rid himself of possession of the firearm as promptly as reasonably possible. Thank you, Ms. Sanderson. Thank you. You reserve two minutes of rebuttal. Yes, Your Honor. Mr. Richardson. Yes, Your Honor. May it please the court, Ian Richardson for the United States. I'll start with the well-meaning possession instruction. The defendant objected to the well-meaning possession instruction, but didn't object to the first two sentences that preceded it, which the defendant conceded were appropriate. And those sentences related to the instruction that motive was not an element of the offense and that the government was not required to prove or disprove that the defendant possessed the firearm. So, having conceded that those were proper, the defendant can't show that the well-meaning possession instruction caused any additional error or prejudice. And given the facts and circumstances of this case in which the defendant essentially argued the defendant's good intentions in possessing the firearm throughout the opening statement and through the summation, it was necessary amplification to ensure that the jury was aware that what was nullification, right, to argue that the jury should acquit the defendant on a basis that wasn't consistent with the law. Is it disputed that this man walked up to the police officers and offered to give them the gun? The portion that was disputed was whether or not he had flagged the police officers down. They were in their patrol car. The police officers did not characterize it that way when they testified and they rejected when defense counsel cross-examined them and whether they would characterize it as being flagged down. They stated that they observed him on the street corner making large hand movements and appeared agitated. They pulled over to ask him if they could help him and they noticed that he was carrying a gun case that was marked gun guard. And at that point, he said to them, I have a gun. And one of the officers also testified that he says, I am trying to turn it in or I'm trying to return it. And that was the testimony from the police officers at the trial. Can I ask, I understand one of your arguments is that the innocent possession, the objection to the failure to give an innocent possession instruction wasn't preserved. And I'm having difficulty understanding that. Because Judge Moskoff did definitively rule that if he testified consistent with his affidavit, she was going to decline to instruct. And when it came, when the case was transferred to Judge Azraq, and help me if I'm misunderstanding or misremembering the record, she at one point affirms that Judge Moskoff has ruled on the innocent possession defense and the government agrees. Judge ruled on it. She did rule on it. So in those circumstances, why would there be an obligation to raise it again at the charge conference? I think for two reasons, Your Honor. First, when Judge Moskoff issued the ruling, she stated that she wanted to hold off on the jury instructions to see how the testimony came in, to see exactly what the testimony itself was. And I think the anticipation of the district court both when Judge Moskoff had the case and then when Judge Azraq took it over was that the defendant would testify. But he didn't. And because he didn't testify, he didn't put those facts in the record, there wasn't the same factual basis that Judge Moskoff had anticipated at that time. So at that point, I think it was still incumbent on the defendant to make the objection to the proposed instructions if he believed that there was still a basis in the record, notwithstanding the absence of his client's testimony or of their client's testimony for the innocent possession language. Is it the government's position that a defendant's intention in possessing the firearm is never a defense to a 922 charge? To a 922 charge, that's correct, Your Honor. Although I would acknowledge that the courts have recognized the traditional common law defense of necessity and duress. And I think that's a slightly different scenario. I'm walking down, you know, defendant says I'm walking down the street with my buddy. I realize he has a gun. I ask him what he's going to do with it. He says I'm going down the street and shoot the next policeman I find. Takes the defendant, takes the gun away from the defendant, goes and finds a police officer and gives the officer the gun. Is he guilty of felony possession? I think in those circumstances, Your Honor, I think that's a scenario in which there's a potential necessity defense, right, because the actions that the defendant in that scenario is taking are to  But that isn't the scenario that we're presented with here. And the innocent possession defense that's been advocated by the defendant in this case and in others is a broader defense. It is a defense that allows someone to just pick up a gun off the ground and take it somewhere else. It doesn't require them to take sort of immediate action to protect the life of another. It expands upon their ability. And essentially it forces the court into an inquiry about their motive in possessing the firearm. In these circumstances. The jury here, this man's explanation was he found the gun and he was availing himself of the state law that If a jury believes that testimony, couldn't it find him innocent? No, sir. No, Your Honor, I don't believe so. Because in that scenario, that would not implicate a defense of necessity or duress. In that scenario, what he's availing himself of is the state law permission. But that obviously cannot contravene the federal law, which prohibits all felons from having firearms. I think, you know, to the extent the court is concerned about the need for a potential safety valve here, I'd point out that this defendant had a cell phone in his hand the entire time. And as was indicated in the record below, we had actually moved to introduce evidence and were precluded from with people with whom he intended to consummate a narcotics transaction at the time that he possessed the firearm. He could have used that gun to call the police and summon them to the place in which he found the firearm. But he did not do so. In this case, there were sort of there were different reasons that were given to the police officer and different explanations were given to the police officers by the defendant as to where he found the gun, when he had found it. He was equivocal. And in those circumstances, in particular, I don't think we're talking about some of the other concerns that have animated, for example, the D.C. Circuit decision in Mason. I would just point out that a recent- This is Judge Park. Could I ask, your adversary says that Rahafe changes the scope of the innocent possession limitations of being momentary and necessary. And I'm wondering what your response is to that. It does not. All Rahafe held was that in addition to the knowledge of the possession, that a defendant must also have knowledge of his status as a prior felon. Rahafe did not purport to expand the scope of the scienter requirement beyond the mere knowledge of possession or knowledge of status to include some sort of bad or wrongful purpose, which would make it much more of a willfulness like scienter requirement. And as described in the government's brief, the history is pretty clear here that Congress deliberately chose a lesser standard than willfulness for this statute. I note that recent- I understand that recently the 8th Circuit joined the majority of circuits that have rejected an innocent possession defense against Becerra. And that's 958 F. 3rd 725. The reasoning is essentially the same as the other circuits that have rejected this argument. Congress made a choice here. And that choice was to impose a broad line that all felons who knowingly possess firearms are guilty if they also now after Rahafe have knowledge of their status as prior felons. I want to briefly address the argument about the sufficiency of the evidence on the Rahafe argument. And the defendant points to the Rule 29 motion that appears in the record at Appendix 158. The sufficiency of the evidence objection in the record was not a general objection to the sufficiency of the evidence. The language that counsel used was an objection to, quote, the failure to prove prima facie that the government has proved that my client- Excuse me. Do you have one more minute of your total time? Thank you. That the government has proved that my client possessed the weapon knowingly. That was a specific objection to a specific element of the offense. Not to the sufficiency of the evidence as to all of the elements of the offense. The principle decision on which the defendant relies in reply, which I'm going to pronounce as good just charge, although I'm sure that's an incorrect pronunciation, and that's 706 F. 2nd 395, is not to the contrary. In that decision, the defendant had objected at trial to the sufficiency of the evidence to establish the element of interstate transfer, and then on appeal explained how the government's failure had failed to prove that element. The difference, what Gujarat did not hold was that any objection to the sufficiency of one element of the offense is an objection to the sufficiency of them all. But that is what the defendant here seems to suggest. Rather, Gujarat is holding is that to preserve an objection to the sufficiency of the evidence requires does not require the defense to walk the government through the failure of the sufficiency. And in that case, what was dealt with on appeal was the same elephant, the same element that the defendant had objected to the sufficiency of below. So, we just charge does not stand for the proposition that a rule, any rule 29 objection to any element is going to is going to be sufficient to preserve a rule 29 objections in the ball. Given, I see that my time is essentially elapsed if there's no further questions, I'll rest on my submission. Thank you, Mr. Richardson, Miss Anderson will hear rebuttal. Thank you, Your Honor. With regard to whether it's uncontested Mr Johnson was turning a gun in. The officer wrote in his notebook that he was flagged down by Lawrence Johnson, and at trial when he was asked if Lawrence Johnson flagged him down his answer was he didn't know what flag meant. The video clearly shows Mr Johnson approaching the police car defense, the defense was allowed to argue, based on these facts at trial, which were seemingly helpful for the defendant. It does not justify giving in a legally erroneous charge that well meaning possession is not a defense. Rahate did not intend explains that 922 G does not intend to criminalize those who make innocent mistakes, the penalty scheme is just too, too high. And whether an innocent mistake extends from a lack of knowledge or another intimate innocent mistake. The result is the same. Innocence is ingrained in the knowledge inquiry, and the court clearly overstepped by jury. Thank you, and the court clearly overstepped by telling the jury that what well meaning possession is not a defense in clothing. Lawrence Johnson who flagged the police car down to turn in a firearm, as he was encouraged to do under the New York City gun amnesty program should not be found guilty of 922 G conviction should be reversed. Thank you, Your Honor. Thank you both very nicely argued. And we will take the matter under advisement.